Williams v. The City of New York

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of March, two thousand ten.

PRESENT:

AMALYA L. KEARSE,
PETER W. HALL,
   *Circuit Judges*,
JED S. RAKOFF,[*]
   *District Judge.*

_____

Rahjeem Williams,

   *Plaintiff-Appellant,*

  v.

             08-4715-pr

The City of New York, Commissioner Raymond Kelly,
Police Officer Bell Collin, District Attorney Robert
T. Johnson, Assistant District Attorney Torres Samuels,
Jonathan Goltzman, and Dionisio Solis,

   *Defendants-Appellees.*

_____

FOR PLAINTIFF-APPELLANT:   Rahjeem Williams, *pro se*, Sonyea, New York.

FOR DEFENDANTS-APPELLEES:   Scott Shorr, Senior Counsel, Appeals Division, *for* Michael A. Cardozo, Corporation Counsel of the City of New York, New York, New York.

_____

[*] Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

Appeal from the United States District Court for the Southern District of New York (Sullivan, *J.*).

**UPON DUE CONSIDERATION**, it is hereby **ORDERED**, **ADJUDGED**, **AND DECREED** that the judgment of said District Court be and hereby is **AFFIRMED**.

Appellant Rahjeem Williams appeals from the district court's judgment granting the defendants' motion to dismiss and dismissing his 42 U.S.C. § 1983 complaint. We assume the parties' familiarity with the facts, proceedings below, and specification of appellate issues and hold as follows.

This Court reviews *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor. *See, e.g., Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). Williams's claims, principally of false arrest, malicious prosecution, and false imprisonment, with respect to several charges arising out of a single arrest, are barred as a matter of law because of the unrebutted presumption of probable cause created by the grand jury's indictment of him on those charges and/or because those charges were not terminated in a manner indicating his innocence. *See, e.g., Fulton v. Robinson*, 289 F.3d 188, 196-98 (2d Cir. 2002). For example, Williams was convicted of criminal possession of a controlled substance, and his conviction has not been disturbed. Thus, claims based on that charge are barred by the favorable termination doctrine articulated in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Williams's trial on the charge of criminal sale of a controlled substance ended in a hung jury, which does not qualify as a favorable termination. *See, e.g., Singleton v. City of New York*, 632 F.2d 185, 195 (2d Cir. 1980), *cert. denied*, 450 U.S. 920 (1981). And as to the two charges that were dismissed before trial, the complaint afforded no basis for disturbing the presumption of probable cause, arising from the

2

grand jury indictment, which is a complete defense to Williams's claims. *See Fulton*, 289 F.3d at 198-99.

We have considered all of Williams's contentions on this appeal and have found them to be without merit. Having conducted an independent and *de novo* review of the record in light of the foregoing principles, we affirm the district court's judgment for substantially the same reasons stated by the district court in its thorough and well-reasoned opinion.

Accordingly, the judgment of the district court is hereby **AFFIRMED.**

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk